# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ruben Castillo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 4756 | **DATE** | September 3, 2008 |
| **CASE TITLE** | Byron Dishman (#2006-0089574) v. Richard Devine | | |

**DOCKET ENTRY TEXT:**

Plaintiff has neither paid the $350 filing fee nor submitted an application to proceed *in forma pauperis*. Also, Plaintiff's complaint fails to state a valid claim and is dismissed without prejudice to Plaintiff submitting an amended complaint. Within 30 days of the date of this order, Plaintiff must: (1) either submit a completed *in forma pauperis* application or prepay the $350 filing fee, and (2) submit an amended complaint that states a valid claim. The clerk shall send to Plaintiff an *in forma pauperis* application and an amended complaint form, along with a copy of this order. Failure to comply with this order within 30 days may be construed as Plaintiff's desire not to proceed with this case and will result in dismissal of the case without prejudice.

■ [**For further details see text below.**]                                                  Docketing to mail notices.

## STATEMENT

     Plaintiff, Byron Dishman (#2006-0089574), currently at Cook County Jail, has filed this civil rights complaint under 42 U.S.C. § 1983 against State's Attorney Richard Devine, Assistant State's Attorneys, the City of Chicago, Mayor Richard Daley, the Chicago Police Department, several police officers, and former Cook County Sheriff Michael Sheahan. Plaintiff alleges that Chicago officers used excessive force on plaintiff to obtain a confession for the offense of armed robbery of a McDonalds. Although the clerk accepted the complaint for filing purposes pursuant to Fed. R. Civ. P. 5, plaintiff has neither paid the $350 filing fee nor submitted an application to proceed *in forma pauperis*. The filing fee issue must be resolved before this case can proceed.

     The Prison Litigation Reform Act requires all inmates to pay the full filing fee. If an inmate is unable to prepay the filing fee for a civil rights action ($350), he may submit an application to proceed *in forma pauperis*, which allows the inmate to pay the filing fee in installments. The *in forma pauperis* application must be on this court's form. If the court grants the inmate's application, the court will direct correctional officials to deduct an initial partial payment of the filing fee directly from the inmate's trust fund account, and to make further monthly deductions from that account until the full filing fee is paid. To enable the court determine if Plaintiff qualifies as a pauper and to make the necessary assessment of the initial partial filing fee, Plaintiff must, with his application, "submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . , obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). If plaintiff wants to proceed with this case, he must either prepay the filing fee or submit an *in forma pauperis* application.
**(CONTINUED)**

                                                                                                                                              isk

**STATEMENT (continued)**

Additionally, plaintiff's complaint fails to state a valid claim. The current complaint is unclear as to the action of each of defendant giving rise to plaintiff's case. Also, several of the listed defendants are either not suable entities or are immune from suits. *Chan v. Wodnicki,* 123 F.3d 1005, 1007 (7th Cir.1997); *Gray v. City of Chicago*, 159 F. Supp.2d 1086, 1089 (N.D. Ill. 2001) (Chicago Police Department is not a suable entity separate from the City of Chicago); *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976) (prosecutors are absolutely immune from suits seeking damages for their actions that are intimately associated with the judicial phase of a criminal proceeding). Furthermore, plaintiff appears to challenge the validity of his confession which may be used in his pending criminal case. Such a claim may be barred if success on his claim would invalidate a future conviction. *Washington v. Summerville*, 127 F.3d 552, 556 (7th Cir. 1997). Plaintiff's challenge to his confession may best be made either in his current criminal case or in a petition for habeas relief filed in this Court after plaintiff has exhausted state court remedies. If plaintiff wants to proceed with this case, he must submit, within 30 days, an amended complaint that specifies what actions by the defendants he is challenging and the relief he seeks.

Therefore, in order for Plaintiff to proceed with this case, within 30 days of the date of this order, he must: (1) either submit a completed *in forma pauperis* application or prepay the $350 filing fee, and (2) submit an amended complaint that states a valid claim. Failure to comply with this order may be construed as plaintiff's desire not to proceed with this case and will result in summary dismissal of the case without prejudice.